IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUILLERMO MONTOYA,<br><br>Plaintiff<br><br>-against-<br><br><br><br>FRANK RICHARD LOVEJOY, JR. and P.L. GAETANO TRANSPORTATION, INC.<br><br>Defendants. | **Complaint for a Civil Case Alleging Negligence**<br>(28 U.S.C. § 1332; Diversity of Citizenship)<br><br>Docket No. __6:22-cv-00779 (TJM/ML)__<br>*(to be filled in by the Clerk's Office)*<br><br>**TRIAL BY JURY DEMANDED** |

Dated: New York, New York
       July 26, 2022

SAKKAS, CAHN & WEISS, LLP

*[signature]*

ADAM D. CAHN, ESQ. - 6164
*Attorneys for Plaintiff*
110 E. 42nd Street, Suite 1508
New York, New York 10017
(212) 571-7171

## PARTIES TO THE ACTION

1. At all times herein mentioned, the plaintiff, GUILLERMO MONTOYA was a resident of Union County in the State of New Jersey 07206.

2. At all times herein mentioned, the defendant, FRANK RICHARD LOVEJOY, JR. (herein referred as "LOVEJOY") resided at 6130 Schoolhouse Road, Glenfield, NY 13343.

3. At all times herein mentioned, the defendant, P.L. GAETANO TRANSPORTATION, INC. (herein referred as "GAETANO INC.") was a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business of 22415 US Route 11, Watertown, NY 13601.

4. At all times herein mentioned, the defendant, GAETANO INC. was a motor carrier registered with the Federal Motor Carrier Safety Administration and operating under United States Department of Transportation registration number 565565.

## BASIS FOR JURISDICTION

5. This Court has jurisdiction over this case pursuant to 28 USC §1332(a)(1) in that there exists complete diversity of citizenship between the plaintiff and the defendants, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## BASIS FOR VENUE

6. This Court is a proper venue for this case pursuant to 28 USC §1391(b)(2) in that the Northern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, specifically the motor vehicle collision, which is the subject of this lawsuit.

## FACTS OF THIS CASE

7. The events giving rise to this lawsuit occurred on Tuesday, December 29, 2020 at I-90 West, near milepost marker 304.7 in the Town of Brutus, County of Cayuga, and State of New York.

8. At all times herein mentioned, the defendant, GAETANO INC. was the owner of a certain tractor trailer bearing license plate number 81333PC, for the State of New York, for the year 2020.

9. At all times herein mentioned, the defendant, GAETANO INC. was the registered owner of said vehicle.

10. At all times herein mentioned, the defendant, GAETANO INC. was the titled owner of said vehicle.

11. At all times herein mentioned, the defendant, GAETANO INC. was the lessor of said vehicle.

12. At all times herein mentioned, the defendant, GAETANO INC. was the lessee of said vehicle.

13. At all times herein mentioned, the defendant, LOVEJOY was an employee of the defendant, GAETANO INC. and was acting within the course and scope of his employment.

14. At all times herein mentioned, the defendant, LOVEJOY was an agent of the defendant, GAETANO INC. and was acting within the course and scope of his duties as an agent.

15. At all times herein mentioned, the defendant, LOVEJOY was the operator of the aforesaid vehicle, acting with the knowledge, permission and consent, expressed or implied, of the defendant, GAETANO INC.

16. At all times herein mentioned, the defendants controlled, maintained and repaired the aforesaid vehicle.

17. At all times herein mentioned, the defendants were under a duty to control, maintain and repair their aforesaid vehicle.

18. At all times herein mentioned, plaintiff was the operator of a tractor trailer, bearing license plate number 2898319 for the State of Indiana, for the year 2020 and owned by SEI Acquisition LLC.

19. At all times herein mentioned, I-90 Westbound near the intersection of Milepost 304.7 was and still is a public roadway and/or thoroughfare in the Town of Brutus, County of Cayuga and State of New York.

20. At all times herein mentioned the plaintiff, GUILLERMO MONTOYA was lawfully operating his aforesaid mentioned tractor trailer at the aforesaid location.

21. On Tuesday, the 29th day of December, 2020, at approximately 9:20 a.m., the tractor trailer owned and operated by the defendants, was traveling on I-90 Westbound, near the

intersection of Milepost 304.7 and violently collided into the rear of the tractor trailer, which the plaintiff was operating.

## FIRST CAUSE OF ACTION SOUNDING IN NEGLIGENCE

22.     That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff were wholly and solely due to the negligence, recklessness and carelessness of the defendants in that defendants operated, maintained, repaired and controlled their aforesaid vehicle/tractor trailer in a careless, reckless and negligent manner; in that the defendants failed to keep a proper lookout; in that they failed to look and failed to see; in that they failed to observe the flow of traffic on the subject roadway; in that they failed to heed the red blinking lights that had been activated on the rear of the plaintiff's vehicle; in that they were traveling at an excessive rate of speed; in that they failed to reduce their speed despite inclement weather; in that they failed to reduce their speed as they approached traffic; in that they failed to maintain a proper distance between themselves and the vehicles in front of them; in that they failed to turn, steer or bring their aforesaid tractor trailer to a stop before crashing into plaintiff's trailer; in that they failed to equip their aforesaid tractor trailer with proper and adequate equipment; in that they failed to properly utilize the operating and braking equipment of their aforesaid motor vehicle; in that they failed to apply the brakes in a proper and timely fashion; in that they were speeding; in failing to give any warning or signal of their approach; in failing to avoid the accident and having the "last clear chance" to avoid said accident; in failing to heed and obey the rules of mutual forbearance; in that they violated the motor vehicle laws, and other laws, statutes, ordinances and rules of the County of Cayuga and State of New York in such cases made and provided; and that the defendants failed to exercise due care and caution under the circumstances then prevailing.

23.     The aforesaid occurrence and the injuries resulting therefrom were caused wholly and solely by reason of the negligence, carelessness and recklessness of the defendants without any negligence on the part of the plaintiff contributing thereto.

24.     By reason of the aforesaid, the plaintiff, GUILLERMO MONTOYA was seriously injured in this accident and has experienced both physical, mental and emotional pain; in that he will continue to experience pain and suffering in the future; in that the plaintiff has required various medical care, including surgery to get well and will continue to do so in the future;

in that the plaintiff has incurred various medical and other out-of-pocket expenses related to his care and treatment and will continue to do so into the future; and he was caused to lose time from work and resulting income that he would have earned in full or part and will continue to do so into the future and he has been otherwise damaged.

25. As a result of the foregoing, the plaintiff suffered a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York.

26. By reason thereof, the plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of basic economic loss as set forth in Section 5102(a) of the Insurance Law of the State of New York.

27. The plaintiff is a covered person as defined by Section 5102(j) of the Insurance Law of the State of New York.

28. This action falls within one or more of the exceptions set forth in CPLR §1602.

29. That by reason of the aforesaid, the plaintiff, GUILLERMO MONTOYA has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE**, the plaintiff demands judgment against the defendants for a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter; together with the costs and disbursements of this action, attorneys fees and any other relief which this Court deems just and proper.

Dated: New York, New York
July 26, 2022

SAKKAS, CAHN & WEISS, LLP

_____
ADAM D. CAHN, ESQ. - 6164
*Attorneys for Plaintiff*
GUILLERMO MONTOYA
110 East 42 Street, Suite 1508
New York, New York 10017
(212) 571-7171

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------- Docket No.:

**GUILLERMO MONTOYA,**
         Plaintiff
  -against-

FRANK RICHARD LOVEJOY, JR. and P.L, GAETANO TRANSPORTATION, INC,

        Defendants

---

## COMPLAINT

---

*SAKKAS, CAHN & WEISS, LLP*
*110 East 42 Street, Suite 1508*
*New York, NY 10017*
*(212) 571-7171*
*(212) 571-7174*